IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-14-296-D |
| | ) | |
| 115 PARTNERS, LLC, d/b/a | ) | |
| CLUB ONE 15, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P. [ Doc. No. 8]. The sole basis of Defendant's motion is a contention that the Court lacks subject matter jurisdiction over Plaintiff's claim under the Americans with Disabilities Act ("ADA") because Plaintiff fails to allege that Defendant "is engaged in an industry affecting commerce" as required to be an "employer" under 42 U.S.C. § 12111(5). Plaintiff has filed a response [Doc. No. 10], asserting that whether Defendant is an "employer" under the ADA is not a proper subject of a Rule 12(b)(1) motion.

Plaintiff is correct. In *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006), the Supreme Court held that whether a defendant satisfies the statutory definition of "employer" under Title VII by employing "the threshold number of employees . . . is an element of a plaintiff's claim for relief, not a jurisdictional issue." Because Title VII and the ADA contain almost identical definitions of the term "employer," federal courts have found that "*Arbaugh* dictates that the ADA's employee threshold is not a limit on jurisdiction." *See Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012). By analogy, whether a defendant satisfies the statutory definition of "employer"

by being engaged in an industry affecting commerce is not a jurisdictional issue.[1] Defendant has not sought dismissal of Plaintiff's Complaint on jurisdictional grounds. Therefore, Defendant's motion to dismiss pursuant to Rule 12(b)(1) [Doc. No. 8] is DENIED.

IT IS SO ORDERED this 2nd day of June, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Both Title VII and the ADA define "employer" to mean "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." *See* 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A).